IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

IN THE MATTER OF:

BRIAN C. PODWINSKI,

Debtor(s).

CASE NO. BK19-41937

CHAPTER 7

ORDER

This matter is before the court on the debtor's motion for judgment on the pleadings or request for determination as to equitable tolling of Rule 4007(c) or Rule 4004(a) deadlines (Fil. No. 69) and resistance by creditors Charles S. Tomek and Tadd Delozier (Fil. No. 72). John A. Lentz represents the debtor, and Michael W. Milone, David J. Koukol, and Tyler A. Masterson represent Tomek and Delozier. The motion was taken under advisement without oral argument.

For the reasons stated below, the motion is denied.

The parties here dispute whether a settlement has been reached concerning the repayment of debts owed to Tomek and Delozier. Tomek holds a judgment debt against the debtor in the amount of $134,125 plus post-judgment interest. The debt owed to Delozier has not been reduced to judgment, but the debtor purportedly agreed to settle it post-petition for $250,000 plus pre- and post-judgment interest.

The debtor filed this Chapter 7 petition in November 2019, and the deadline for objecting to discharge or challenging the dischargeability of a debt was set for March 23, 2020. In early 2020, the parties negotiated to settle the Tomek and Delozier claims. Tomek and Delozier filed an unopposed motion requesting a 90-day extension of the discharge/dischargeability deadline, which was granted and gave them until June 21, 2020, to file such an action.

In the meantime, the parties continued to discuss a settlement. The parties have different perspectives on the result of those discussions. According to Tomek and Delozier, a settlement was reached and they relied to their detriment on this fact to let the dischargeability deadline pass without filing an adversary proceeding. According to the debtor, settlement terms were still being negotiated as of the dischargeability deadline and nothing had been finalized. According to counsel for the debtor, counsel for Tomek and Delozier mistakenly believed the dischargeability deadline to be in July. Counsel for the debtor asserts he did not keep track of this deadline and only realized on June 24 that it had passed, so he informed counsel for Tomek and Delozier that settlement discussions would cease.

Tomek and Delozier then immediately filed an amended motion requesting another extension of the dischargeability deadline and a motion to approve the parties' compromise and enforce the settlement. The debtor objected, and the court directed the parties to file a joint preliminary pretrial statement. The parties did so, but included no uncontroverted facts and listed each other's counsel as potential witnesses. The court, recognizing the problems looming in a case

where every fact is disputed and the lawyers may have to be disqualified, directed the parties to meet and confer to address whether counsel will need to testify and to come up with a set of stipulated facts.

The debtor then filed this motion for judgment on the pleadings to determine whether the deadline the creditors seek to extend can be equitably tolled. The creditors object, asserting that the existence of an enforceable settlement agreement means the debtor has waived his right to discharge the debts so the court need not decide any tolling issues, and alternatively arguing that because of the debtor's bad faith, the court should consider applying the doctrines of waiver, estoppel, and equitable tolling.

Under Bankruptcy Rule 7001, proceedings to object to a discharge or to determine the dischargeability of a debt are adversary proceedings. An adversary complaint is initiated by filing a complaint and serving summons. Under Rule 4004(a), a complaint objecting to discharge must be filed no later than 60 days after the first date set for the § 341 meeting. Under Rule 4007(c), a complaint objecting to discharge under §§ 523(a)(2), (4), or (6) likewise must be filed no later than 60 days after the first date set for the § 341 meeting.[1] These deadlines may be extended for cause, provided the request is made before the deadline has expired. See Rule 4004(b)(1) and Rule 4007(c). Rule 9006(b)(3) permits enlargement of time under Rules 4004(b) and 4007(c) "only to the extent and under the conditions stated in those rules."

In ruling in another case concerning the extension of time for filing a dischargeability complaint, this court summarized the state of the controlling law:

The Eighth Circuit Bankruptcy Appellate Panel has said:

> As noted above, Rule 4007(c) permits an extension of time only when the request is filed before the time has expired. In this case, the request for extension was not properly filed before the deadline, so the court had no authority to grant the request. *See Palmer v. Nordin (In re Nordin)*, 299 B.R. 915, 917 (8th Cir. B.A.P. 2003).
> "Rules 4004 and 4007 of the Federal Rules of Bankruptcy Procedure establish time limits for filing complaints objecting to discharge of a debtor or to dischargeability of a debt. These rules are analogous to statutes of limitations and are strictly construed." *KBHS Broad. Co. v. Sanders (In re Bozeman)*, 226 B.R. 627, 630 (8th Cir. B.A.P. 1998). However, Rules 4004 and 4007 are not jurisdictional and are subject to the defenses of waiver, estoppel, and equitable tolling. *Block v. Moss (In re Moss),* 266 B.R. 408, 414 (8th Cir. B.A.P. 2001), *aff'd*, 289 F.3d 540, 542 (8th Cir. 2002);

---

[1] The terms of the alleged settlement refer to breach of fiduciary duty under § 523(a)(4) as the basis for excepting these debts from discharge. *See* Ex. A to the Motion to Approve Compromise and Enforce Settlement, at 2 (Fil. No. 52).

- 2 -

> > *Landmark Cmty. Bank v. Perkins (In re Perkins)*, 271 B.R. 607, 611–12 (8th Cir. B.A.P. 2002).
>
> *Le Grand v. Harbaugh (In re Harbaugh)*, 301 B.R. 317, 320 (B.A.P. 8th Cir. 2003). Further, the equitable doctrines of waiver, estoppel, and tolling must be applied in a manner "consistent with the manifest goals of Congress to resolve the matter of dischargeability promptly and definitively in order to ensure that the debtor receives a fresh start unobstructed by lingering doubts." *In re Kontrick*, 295 F.3d 724, 733 (7th Cir. 2002), *aff'd on other grounds*, *Kontrick v. Ryan*, 540 U.S. 443 (2004).

*In re Julien*, No. BK10-82442-TLS, 2012 WL 2284153, at *1–2 (Bankr. D. Neb. June 18, 2012).

Tomek and Delozier argue that equitable grounds exist for extending the filing deadline because they reasonably relied on the debtor's representation that the matter was settled.

> > According to the United States Supreme Court, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005). It has also been said that "[a] creditor who simply does not act quickly enough to learn the facts is not entitled to a belated extension of the deadline, because such an exception would quickly consume the rule." *Opportunity Bank, N.A. v. Martinsen (In re Martinsen),* 449 B.R. 917, 924 (Bankr. W.D. Wis. 2011). Equitable exceptions to the deadline in Bankruptcy Rule 4007(c) must be construed strictly in favor of the debtor and consistent with the goal of promptly resolving dischargeability issues. *Id.*

*Id.*, at *2.

While Tomek and Delozier's amended request for extension and motion to approve the parties' compromise do not appear to present facts sufficient to meet the strict burden established by the Supreme Court requiring them to show diligent pursuit of their rights and some extraordinary circumstance that stood in their way, because waiver, estoppel and equitable tolling are recognized exceptions to the strict application of the deadlines, the creditors are entitled to their day in court to try to meet their burden.  The court cannot make such a factually intense finding based on the pleadings alone.

IT IS ORDERED: The debtor's motion for judgment on the pleadings or request for determination as to equitable tolling of Rule 4007(c) or Rule 4004(a) deadlines (Fil. No. 69) is denied.

DATED: October 19, 2020

> BY THE COURT:
>
> /s/Thomas L. Saladino
> Chief United States Bankruptcy Judge

Notice given by the Court to:
    *John A. Lentz
    Michael W. Milone
    David J. Koukol
    Tyler A. Masterson
    United States Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.